RINDSKOFF, BROS. & CO. v. CONABLE & SMITH.

*Appeal from Lucas District Court — Wednesday, January 27.*

THIS controversy relates to fifty acres of land. One Malone was the common source of title, and he first mortgaged the same, with other lands, to defendants, who commenced foreclosure proceedings in September, 1858, procured a decree in May, 1860, and purchased thereunder in January, 1862. In September, 1857, Malone sold with another eighty acres (not covered by defendant's mortgage) to Headley and Holbrook, receiving a mortgage back to secure the purchase money. In October of that year he sold the mortgage to plaintiff, who, in May, 1859, proceeded against the mortgagors (H. and H.) to foreclose, obtained a decree in June and in March, 1866, sold thereunder, bidding in the property in their own name. Neither plaintiffs nor defendants made the others parties to their respective foreclosure proceedings. Malone was a party to defendant's foreclosure, but not to plaintiffs. This bill was filed in July, 1866, reciting substantially the facts above, charging that defendants obtained no title by their purchase; that having satisfied their mortgage by their sale, the lien thereof was gone; that the equity of redemption was not effected and praying that the sale to them be set aside; that the deed be declared null and void, the land completely divested of their lien and the title quieted in plaintiffs.

The defendants answered; the cause was submitted upon certain agreed facts and a decree entered allowing plaintiffs to redeem upon paying $115 within sixty days thereafter, and upon such payment qui-

eting plaintiffs' title and setting aside title of defendants. Both parties. appeal.

*J. W. Wilkerson* for plaintiffs — *Dungan & Stewart* for defendants.

WRIGHT, J. — Few cases, owing to the state of the record, could be more complicated or difficult of comprehension than this. The agreed facts, though we have examined them, and re-examined them to discern, if possible, their meaning and bearing, fail to disclose upon what data the court acted in rendering the decree. Nor have counsel in argument suggested or intimated the basis tending to justify the conclusion reached. Under these circumstances, we shall do no more than decide the very questions made in argument. Plaintiffs insist that the court erred in decreeing that they should redeem, for that the defendants had no interest in the land, legal or equitable. And here the argument, as we understand it, is, that as the holders of the legal title, Headly and Holbrook, were not parties to the foreclosure by defendants, the title was not affected by such proceedings, and that by their sale defendants abandoned the land in dispute. This abandonment is argued from the fact, as claimed, that defendants bid in other land. worth more than their debt, and that having elected to sell under, and thereby satisfy their judgment, they will be presumed to have realized the full amount thereof out of land legally affected by the sale. Thus, in brief, and for the most part in the very language of counsel, we have the whole ground of plaintiffs' appeal. It will be observed that there is no claim to redeem. On the contrary, the right or privilege is in terms repudiated. With the right thereof we have nothing to do ; and as to the positions assumed in reply, that defendants satisfied their judgement by the purchase of all the lands included in their bid, if the rights of those holding the legal title were not disturbed by the foreclosure, it would by no means follow as a consequence, that the first mortgagees or creditors, by the failure to make proper parties, thereby lost or abandoned their lien. The satisfaction of the judgment consequent upon the purchase, would certainly not extinguish the mortgage, as to those who claim there was irregularity in the sale and in the proceedings leading to it — in other words, if the sale was set aside — the judgment or decree would be revived or remain in force. But this the plaintiffs do not ask ; at least, they do not insist upon their right to redeem. And when we say, that having bought several pieces of land, in satisfaction of their debt, there is no presumption that defendants realized the full amount from lands not covered by plaintiffs' mortgage, though these latter lands may be worth greatly more than such debt, — we say that when we have said this, nothing remains of plaintiffs' appeal. For, in effect, this is all there is of it. So far, therefore, as the case here made is concerned, the bill should have been dismissed. And, as the defendants mainly contest the plaintiffs' right to redeem,

which is not claimed, there is, in fact, nothing more of the case. Both parties repudiate the order for redemption, and we take them at their word. As to the defendants' claim that their title should be quieted, we only say that it is not clear as the record stands that they are entitled to it; and this relief is therefore withheld. The order allowing the redemption is reversed; in other respects the judgment is affirmed, plaintiffs paying the costs of appeal.